UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **DERRICK K. BARBER** | **CIVIL ACTION NO. 12-2666-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **JAMES LEBLANC, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Derrick K. Barber ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on October 10, 2010. Plaintiff claims his civil rights were violated while he was incarcerated at the Bossier Medium Facility in Plain Dealing, Louisiana, and the David Wade Correctional Center in Homer, Louisiana. He names James LeBlanc, Jerry Goodwin, Susan Tucker, and Michele Dauzat as defendants.

Plaintiff claims that on July 8, 2012, he was involved in an altercation with inmate Lucky Bridges. He claims he and inmate Bridges were both participants in the Substance Abuse Program. Plaintiff claims security removed him from the dorm for fighting and placed him in an isolation cell. Plaintiff claims he remained in segregation for one week. He claims this violated his constitutional rights because he was not given a write-up or a hearing within

72 hours. He claims he was also terminated from the substance abuse program before he was transferred to David Wade Correctional Center.

Plaintiff claims that on July 15, 2012, he was transferred to David Wade Correctional Center. He claims that on July 16, 2012, he was placed on administrative segregation backlog because there were no beds. He claims he remained on administrative segregation backlog for six weeks.

Plaintiff claims that on August 27, 2012, he was placed on disciplinary detention extended lock-down for 17 days. He claims he was not issued a disciplinary report or brought before the disciplinary board prior to this change in his classification. He claims he was denied due process in the disciplinary proceeding.

Plaintiff states that on September 13, 2012, he was sent a report from the classification review board that stated he was being moved to the working cell blocks. He claims he was held in extended lock-down until October 10, 2012, because of a backlog for the working cell blocks.

Plaintiff claims that when he was transferred to David Wade Correctional Center, he was terminated from the Substance Abuse Program. He claims he was therefore unable to earn good-time credits for participating in and completing the program. He claims his graduation date from the program was August 31, 2012.

Plaintiff claims Michele Dauzat and James LeBlanc violated his Eighth Amendment rights when they failed to acknowledge or correct the actions of the other defendants through the administrative remedy procedure.

Accordingly, Plaintiff seeks declaratory relief, injunctive relief, compensatory and punitive damages, court costs, and any other relief to which he is entitled.

## LAW AND ANALYSIS

**Due Process in the Disciplinary Process**

In <u>Sandin v. Connor</u>, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Supreme Court clarified when due process protections attach to the prison disciplinary process. The Supreme Court held that the Due Process Clause of the Fourteenth Amendment does not afford an inmate a protected liberty interest that would entitle the inmate to procedural protections in the disciplinary process when the maximum sanction the inmate could receive does not "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest" and the duration of the prisoner's original sentence is not affected. <u>Id</u>. 132 L.Ed.2d at 431.

Under the guidance provided by <u>Sandin</u>, the Fifth Circuit has held that as a general rule, only sanctions which result in loss of good time credit or which otherwise directly and adversely affect release will implicate a constitutionally protected liberty interest. <u>Orellana v. Kyle</u>, 65 F.3d 29, 31-32 (5th Cir. 1995). Moreover, in commenting on <u>Sandin</u>, the Fifth Circuit noted that liberty interests which are protected by the Due Process Clause are generally limited to actions which affect the quantity of time rather than the quality of time served by a prisoner. <u>Madison v. Parker</u>, 104 F.3d 765, 767 (5th Cir. 1997) citing <u>Sandin</u>, 115 S.Ct. at 2297.

Plaintiff does not allege that the disciplinary action affected the duration of his

original sentence or that the disciplinary sentence was atypical of the prison environment. To the contrary, Plaintiff's allegations concern placement in segregation, termination from a substance abuse program, and placed in disciplinary detention extended lock-down, which is far from "extraordinary." This court finds that under <u>Sandin</u>, <u>Orellana</u> and <u>Madison</u>, placement in segregation, termination from a substance abuse program, and placed in disciplinary detention extended lock-down does not constitute the type of atypical punishment that presents a significant deprivation which would implicate due process concerns. Hence, Plaintiff's claims that he was punished without due process of law are without merit.

**Substance Abuse Program**

Plaintiff claims he was terminated from the substance abuse program and transferred to David Wade Correctional Center. He claims he was therefore unable to earn good-time credits for participating in and completing the program.

In order to state a constitutional claim for either a procedural or substantive due process violation, Plaintiff must demonstrate that he was "denied a cognizable liberty or property interest clearly established either by state law or the United States Constitution." <u>Wooley v. City of Baton Rouge</u>, 211 F.3d 913, 919 (5th Cir.2000); accord <u>Sandin v. Conner</u>, 515 U.S. 472, 481–83, 115 S.Ct. 2293 (1995) (a prisoner has a liberty interest only in "freedom[s] from restraint ... impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); <u>Bryan v. City of Madison</u>, 213 F.3d 267, 274 (5th Cir.2000) (property interest). However, neither the Due Process Clause, nor any

other provision of the Constitution affords inmates the constitutional right to educational or rehabilitative programs or services. Beck v. Lynaugh, 842 F.2d 759, 762 (5th Cir.1988); see also Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir.1991) (prisoners do not have a constitutional right to "social services."); Newman v. State of Alabama, 559 F.2d 283, 292 (5th Cir.1977), rev'd in part on other grounds sub nom., Alabama v. Pugh, 438 U.S. 781, 98 S.Ct. 3057 (1978) (prisoners do not possess a protected liberty interest in educational programs, recreation opportunities, or in avoidance of being transferred to facilities where the programs are less comprehensive); Bulger v. United States Bureau of Prisons, 65 F.3d 48, 49 (5th Cir.1995) (no federal constitutional right to participate in an education or rehabilitative program while incarcerated).

In addition, prisoners do not have a protected liberty interest in their classification status or in the opportunity to earn good-time credits. See Luken v. Scott, 71 F.3d 192, 193 (5th Cir.1995) (loss of opportunity to earn good-time credits is merely a collateral consequence of the prisoner's custodial status which does not create a constitutionally protected liberty interest). Prisoners who are entitled to release on mandatory supervision have a protected liberty interest in previously earned good-time credits, but they are not constitutionally entitled to earn such credits. Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir.2000), (the relation of good time-earning status to a prisoner's release date is too speculative to create a liberty interest).

Plaintiff is a DOC inmate and therefore his placement is solely within the purview of the DOC. Broad discretionary authority is afforded to prison administrators because the

administration of a prison is "at best an extraordinarily difficult undertaking." Wolff v. McDonnell, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979 (1974). To hold that any substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts. Meachum v.. Fano, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538 (1976). Prisoners simply do not have a constitutionally derived liberty interest in being held in any particular institution. See Meachum v. Fano, 427 U.S. 215, 224, 96 S.Ct. 2532 (1976).

Accordingly, this claim should be dismissed with prejudice as frivolous.

**Classification Claims**

The classification of prisoners is such a practice that is left to the discretion of prison officials. See McCord v. Maggio, 910 F.2d 1248, 1250 (5th Cir. 1990). "It is well settled that '[p]rison officials must have broad discretion, free from judicial intervention, in classifying prisoners in terms of their custodial status'." McCord, 910 F.2d at 1250 (quoting Wilkerson v. Maggio, 703 F.2d 909 (5th Cir. 1983)). Thus, this court accords state prison administrators wide-ranging deference to adopt and to execute policies and practices that are needed to maintain and preserve order, discipline, and security in prison. See Bell v. Wolfish, 441 U.S. 520, 547 (1979).

In Louisiana, the classification of prisoners is the duty of the Department of Corrections and an inmate, such as Plaintiff, has no right to a particular classification. In addition, "speculative, collateral consequences of prison administrative decisions do not

create constitutionally protected liberty interests." Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (citing Meachum v. Fano, 427 U.S. 215, 299 n.8, 96 S. Ct. 2532, 2540 n.8 (1976)).

The United States Supreme Court has held that it is for state prison authorities to decide where a state prisoner is to be incarcerated, and that a prisoner has no right to challenge his place of incarceration. See Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Under Olim and Meachum, Plaintiff has no right to challenge his place of incarceration.

Accordingly, Plaintiff's claims regarding his classification and place of incarceration are frivolous because they lack an arguable basis in law and in fact, and they should be dismissed with prejudice as frivolous.

**Administrative Remedy Procedure**

Plaintiff complains that Defendants Dauzat and LeBlanc failed to acknowledge or correct the action of the other Defendants through the administrative remedy procedure. Inmates do not have a constitutionally protected right to a prison administrative grievance procedure. See Oladipupo v. Austin, et al., 104 F.Supp.2d 626 (W.D. La. 2000); Brown v. Dodson, et al., 863 F. Supp. 284 (W.D. Va. 1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991).

A prison official's failure to comply with a state administrative grievance procedure is not actionable under Section 1983 because a state administrative grievance procedure does not confer any substantive constitutional right upon prison inmates. Mann v. Adams, 855

F.2d 639, 640 (9th Cir. 1988), cert. denied, 488 U.S. 898, 109 S.Ct. 242, 102 L.Ed.2d 231. Furthermore, state administrative grievance procedures are separate and distinct from state and federal legal procedures. Thus, a prison official's failure to comply with state administrative grievance procedures does not compromise an inmate's right of access to the courts. Flick, supra. Insofar as Plaintiff alleges that Defendants denied his constitutional rights in the prison administrative grievance procedure, those allegations, standing alone, do not provide an arguable basis for recovery under Section 1983.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 11th day of May, 2015.

Mark L. Hornsby
U.S. Magistrate Judge